**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000716
17-DEC-2025
08:08 AM
Dkt. 81 SO**

NO. CAAP-24-0000716

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANTHONY F. PEREIRA II, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC161000973)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Anthony F. **Pereira** II appeals from the *Judgment of Conviction and Sentence* entered by the Circuit Court of the First Circuit on October 9, 2024.[1]  We affirm.

A grand jury indicted Pereira for (1) Murder in the Second Degree of his mother, **Barbara** Pereira; (2) Carrying or Use of Firearm in the Commission of a Separate Felony (murder); (3) Kidnapping; (4) Carrying or Use of Firearm in the Commission of a Separate Felony (kidnapping); (5) Terroristic Threatening in the First Degree of **Dodie** Guzman; and (6) Promoting a Dangerous Drug in the Third Degree (methamphetamine).

After a jury-waived trial, the court found Pereira guilty as charged on Counts 1, 2, 5, and 6.  Counts 3 and 4 merged with Count 1.  Pereira was sentenced to life in prison with the possibility of parole on Count 1; twenty years on

---

[1]     The Honorable Rowena A. Somerville presided.

Count 2; five years on Count 5; and five years on Count 6, all to run concurrently.  This appeal followed.

Pereira challenges only his conviction for Murder in the Second Degree.  He states a single point of error:  "The circuit court erred when it found [he] did not prove the affirmative defense of extreme mental or emotional disturbance" (**EMED**).  He argues "the court erroneously required [him] to demonstrate a total loss of self-control and failed to assess the reasonableness of his disturbance from the subjective viewpoint."

The standard of review we apply to the trial court's finding of guilt is:

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Young, 93 Hawaiʻi 224, 230, 999 P.2d 230, 236 (2000) (brackets omitted).

Barbara was killed on June 10, 2016.  Hawaii Revised Statutes (**HRS**) § 707-702 (2014) then provided:

> **Manslaughter**. . . .
>
> (2)   In a prosecution for murder or attempted murder in the first and second degrees it is an affirmative defense, which reduces the offense to manslaughter or attempted manslaughter, that the defendant was, at the time the defendant caused the death of the other person, under the influence of *extreme mental or emotional disturbance* for which there is a *reasonable explanation*.  The reasonableness of the explanation shall be determined from the viewpoint of a reasonable person in the circumstances as the defendant believed them to be. . . .

(Emphasis added).

"EMED manslaughter has been characterized as voluntary manslaughter because it involves the intentional or knowing killing of another while under the influence of a reasonably induced extreme mental or emotional disturbance *causing a*

*temporary loss of normal self-control*."  Young, 93 Hawaiʻi at 233, 999 P.2d at 239 (cleaned up) (emphasis added).

"It is insufficient for a criminal defendant merely to allege that he or she was experiencing emotional distress at the time of the charged offense. . . . [T]he mitigating EMED defense focuses on the defendant's reaction to the stress, [that is], on whether the defendant's reason was overborne."  State v. Perez, 90 Hawaiʻi 65, 74, 976 P.2d 379, 388 (1999) (cleaned up).  Under HRS § 707-702(2), "[t]he disturbance was meant to be understood in relative terms as referring to a loss of self-control due to intense feelings."  State v. Adviento, 132 Hawaiʻi 123, 150, 319 P.3d 1131, 1158 (2014).  In other words, "loss of control is a significant, even determining, factor in evaluating an EMED claim."  Young, 93 Hawaiʻi at 233, 999 P.2d at 239 (brackets omitted).

Pereira argues he was "suffering from a profound psychological collapse and overwhelming emotional distress" when he killed his mother.  The reasonable explanation for his disturbance was, he claims, his belief that his mother had harmed his wife and daughter based on images on his mother's phone he believed depicted his wife and daughter with blood on their faces.

When the trial court announced its decision, it correctly stated the law:

> In [State v. Perez] the Court held that **presence or absence of self control** was a significant factor in deciding whether defendant was under the influence of EMED in such a manner as to mitigate culpability to manslaughter.
>
> [Perez] was clear that it is insufficient for a criminal defendant [merely] to allege that he was experiencing emotional distress at the time of the charged offense.  A mitigating EMED defense instead focuses on **the defendant's reaction to the stress, whether the defendant's reason was overborne**.  The key distinction is being intentional or knowing and **controllability** respectively.

(Emphasis added.)

The trial court then stated:

> However, the question remains whether this belief had a reasonable explanation. Defendant found out about the photos on June 9, 2016, the same day he spoke to both his wife and his daughter. It should be noted that these alleged photos have not been admitted into evidence. There is no history that Barbara Pereira and the defendant had any negative incidents between them prior to this. To the contrary, she would visit him twice a day and make sure that he was okay. They had a great relationship. Barbara Pereira was not shot until June 10, 2016, at the point when she tried to leave the house.
>
> At one point he was about to take Barbara Pereira for medical assistance, two hours after he had shot her. But unfortunately Barbara Pereira passed out, and he had a change of plan. ***He was clearly thinking this through.*** Therefore, there was no reasonable explanation for the EMED disturbance at the time he shot Barbara Pereira in the leg. There was also no evidence to show that he was suffering from EMED when Dodie left. He shot Barbara Pereira in the head two times and in the arm approximately 15 minutes after Dodie left. For this there is no reasonable explanation.
>
> The Court finds that the defendant has not proven the elements of the affirmative defense by a preponderance of the evidence. Therefore, defendant is guilty of murder in the second degree.

(Emphasis added.)

Evidence of calculated actions can disprove an EMED defense. Young, 93 Hawaiʻi at 233, 999 P.2d at 239. The trial record contains substantial evidence to support the trial court's finding that Pereira did not prove his EMED affirmative defense.

The October 9, 2024 *Judgment of Conviction and Sentence* is affirmed.

DATED: Honolulu, Hawaiʻi, December 17, 2025.

On the briefs:

Harrison L. Kiehm,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge